# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BEAUTY UNION GLOBAL LIMITED, a Hong Kong Corporation,<br><br>Plaintiff,<br><br>v.<br><br>BRUMIS IMPORTS, INC., a New York corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.: 25-cv-9929<br><br>**COMPLAINT FOR:**<br><br>PATENT INFRINGEMENT<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Beauty Union Global Limited, for its Complaint against Defendant Brumis Imports, Inc. hereby alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement arising under the United States Patent Act 35 U.S.C. §§ 1 et seq., including 35 U.S.C. § 271.

## PARTIES

2. Plaintiff Beauty Union Global Limited ("Beauty Union") is a Hong Kong corporation, with its principal place of business at Flat 1, 21/F, Cheung Tat Centre, 18 Cheung Lee Street, Chai Wan, Hong Kong.

3. On information and belief, Defendant Brumis Imports, Inc. ("Brumis Imports") is a New York corporation with its principal place of business at 42 West 39th Street, 4th Floor, New York, NY 10018, does business in and with the state of New York and this District.

4. On information and belief, Defendants DOES 1 through 25, inclusive, are other parties not yet identified who have infringed Plaintiff's patent, have contributed to the infringement of Plaintiff's patent, or have engaged in one or more of the wrongful practices

alleged herein. The true names, whether corporate, individual or otherwise, of Defendants 1 through 25, inclusive, are presently unknown to Plaintiff, which therefore sues the said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

5. On information and belief, at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## JURISDICTION AND VENUE

6. This is a civil action presenting claims for patent infringement under the Patent Act, 35 U.S.C. § 101, *et seq,* including 35 U.S.C. § 271. Thus, the Court has subject-matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1332, 1338(a), and 1367.

7. The Court has personal jurisdiction over Defendant for the following reasons: (1) Defendant is present within or has minimum contacts within the State of New York and the Southern District of New York; (2) Defendant has purposefully availed itself of the privileges of conducting business in the State of New York and in this district; (3) Defendant has sought protection and benefit from the laws of the State of New York; (4) Defendant regularly conducts business within the State of New York and within this district, and Plaintiff's cause of action arises directly from Defendant's business contacts and other activities in the State of New York and in this district; and (5) Defendant has purposely availed itself of the privileges and benefits of the laws of the State of New York.

8. Defendant, directly and/or through intermediaries, ships, distributes, uses, offers for sale, sells, and/or advertises products and services in the United States, the State of New York, and the Southern District of New York including but not limited to the products which contain the infringing elements as detailed below. Upon information and belief, Defendant has committed patent infringement in the State of New York and in this district; Defendant solicits and has solicited customers in the State of New York and in this district; and Defendant has paying customers who are residents of the State of New York and this district and who each use and have used the Defendant's products and services in the State of New York and in this district.

9. Venue is proper in the Southern District of New York over Brumis Imports pursuant to 28 U.S.C. §1400(b). Defendant is incorporated in the State of New York, has its principal business address in this district, has transacted business in this district, and has directly and/or indirectly committed acts of patent infringement in this district.

## PATENT-IN-SUIT

10. Plaintiff is the owner of United States Patent No. 8,079,388 (the "'388 Patent") entitled "refill perfume bottle", which is valid and subsisting. The '388 Patent issued on December 20, 2011. A true and correct copy of the '388 Patent is attached hereto as Exhibit A.

11. Carmit Turgeman is the inventor of the '388 Patent.

12. Carmit Turgeman assigned all rights in the '388 Patent to Plaintiff.

13. Plaintiff has complied with the statutory requirement of placing a notice of the Letters Patent on the devices it manufactures and sells as required by 35 U.S.C. § 287.

## FACTUAL BACKGROUND

### Beauty Union and Its Intellectual Property

14.     In or about 2004, Carmit Turgeman conceived of a unique and innovative bottle device to be used for repeatedly receiving and dispensing liquid such as perfume. Plaintiff's unique bottle device is adapted to be easily refilled by a liquid that is pressurized provided in a bottle having a spaying mechanism.

15.     The refill bottle invented by Carmit Turgeman, according to an embodiment of the invention comprises a bottom portion and an upper portion, an opening provided in the upper portion wherein the opening is adapted to be covered, and a refill mechanism provided in the bottom portion. The liquid is received through the refill mechanism from a regular bottle preferably provided with a spraying mechanism and is dispensed through the opening. The said upper portion is provided with a spraying mechanism. The said spraying mechanism comprises a tube adapted to be placed in the liquid and a pump communicating with said tube, wherein said pump is provided with a nozzle through which the liquid is adapted to be sprayed. The said refill mechanism is provided with a check valve which is adapted to open when a stem is pushed through a bottom opening provided in said bottom portion and wherein the liquid is received inside the refill bottle through said stem. The said stem is a conduit provided in a spraying mechanism of a regular spray bottle. The said bottom opening is adapted to receive a conduit provided in a spraying mechanism of a regular spray bottle. The said liquid is selected from a group of liquids such as perfume or aftershave. Plaintiff's invention is depicted as follows, as shown in Figs. 1&3 of the '388 Patent:



FIGURE 1a   FIGURE 1b
FIGURE 1c                FIGURE 3

16.     On or about April 18, 2005, Carmit Turgeman filed the utility patent application entitled "Refill Perfume Bottle" from which the '388 Patent would issue. Carmit Turgeman assigned the '388 Patent to Beauty Union. Beauty Union is the owner of all right and title to the '388 Patent.

17.     Beauty Union exclusively licensed the right to the '388 Patent to Genie-S International Limited (hereinafter "Genie-S"), a Hong Kong corporation which manufactures, distributes, sells and offers for sale refillable perfume atomizers under the brand name "Travalo". Travalo perfume atomizers are well-known, well regarded, and commercially successful products. Pursuant to its license agreement with Genie-S, Beauty Union retained the right and obligation to enforce and institute actions for infringement of its '388 Patent.

18.     Genie-S markets and sells its distinctive and well-known refillable perfume atomizer products nationwide, including on the website <https://www.travalo.com/> and through retailers including <www.amazon.com>. True and correct copies of product listing pages for

TRAVALO branded products are attached hereto as Exhibit B.  TRAVALO products have met with significant market success.

### Defendant's Infringing Products And Activities

19. On information and belief, Brumis Imports, Inc. ("Brumis Imports") is registered as a domestic business corporation in the State of New York.  On information and belief, Brumis Imports owns the mark "MAYIM" (U. S. Registration Number 7075979 and 7681833), and maintains the online storefront < https://mayimspa.com/ >.  True and correct copies of the trademark registration status report are attached hereto as Exhibit C.

20. On information and belief, Brumis Imports' products are supplied to multiple retailers including but not limited to Macy's, Marshalls, T.J. Maxx, Burlington, KOHL's, and HomeGoods (<https://mayimspa.com/find-a-store-near-you.html>).

21. In or around the end of June 2025, Plaintiff conducted market research of refillable perfume atomizer and discovered that the accused infringing products ("Accused Device") were sold in retailer Marshalls stores.  Plaintiff purchased the Accused Device in June 2025 from a Marshalls store located in Sarasota, Florida.  True and correct copies of the purchase receipt and photo of the Accused Device are attached hereto as Exhibit D.

22. Upon review of the Accused Device in comparison to the patent claim elements, the Accused Device directly infringes independent claim 1 of the '388 Patent.  As shown, the accused product is a refillable non-compressible liquid dispenser (Fig. 1).  The dispenser is adapted to receive non-compressible liquid from a bottle provided with a spraying means having a stem through which the non-compressible liquid is dispensed (Figs. 2A-2B).  The dispenser body has a bottom portion and an upper portion. (See Figs. 3-4).  The upper portion of the body has a first opening and is provided with a vaporizer mechanism (having a tube communicating with a pump which communicates with a nozzle, see Figs. 5-6; and through the nozzle the non-

compressible liquid is sprayed in an outward direction, see e.g. Fig. 7). The bottom portion of the body has a second opening that is provided with a refill mechanism comprising a check valve. (See Figs. 4, 8-10). The check valve is adapted to receive a stem of a bottle so that when the stem is pushed through, the check valve is open to and receives liquid (perfume) through the refill mechanism from the spraying means of the bottle. (Fig. 9 check valve in closed position, and Fig. 10 check valve in open position when stem is pushed through, see also Figs. 11-13). When the stem is withdrawn from the check valve, the check valve is closed to prevent leakage of the liquid. (Fig. 14).



**Figure 1: Portable Refillable Non-Compressible Liquid Dispenser**



Figures 2A-2B: Portable Refillable Non-Compressible Liquid Dispenser Adapted to Receive Non-Compressible Liquid From a Bottle

Case No.: 25-cv-9929  
COMPLAINT

*Beauty Union v. Brumis Imports, et al.*



Figure 3: Body, First Opening at Upper Portion, and Second Opening at Bottom Portion (with Body Shell Removed)



Figure 4: Bottom view - Bottom Portion With a Second Opening







**Figure 7:  Liquid is Sprayed Through Nozzle**
(Instructional image provided from Accused Product's packaging)



Figure 8: Refill Mechanism Comprising Check Valve



**Figure 9: Check Valve In Closed Position**

**Figure 10: Check Valve In Open Position (Pushed)**



**Figure 11: Non-Compressible Liquid Is Received (Through The Refill Mechanism) From the Spraying Means of the Bottle**

Case No.: 25-cv-9929　　　　　　　　　　　　　　　　　　　　　　　*Beauty Union v. Brumis Imports, et al.*
COMPLAINT

  

**Figure 12:**
**Check Valve Closed**

**Figure 13:**
**Stem Pushed Through Check Valve**
Check valve is **open** to receive liquid.

**Figure 14:**
**Check valve Closed When Stem Withdrawn**
Leakage of liquid prevented.

All claimed features appear present in the infringing product. True and correct copies of the patent claim chart of comparative analysis are attached hereto as <u>Exhibit E</u>.

23. Plaintiff has not licensed the '388 Patent to Defendant in any manner, nor has Plaintiff assigned any of its exclusive rights in the patent to Defendant. Defendant further did not ask for permission from Plaintiff in any way whatsoever.

24. On August 8, 2025, Plaintiff sent out a letter to the Defendant requesting it to cease and desist any and all the accused infringing activities.

25. On August 22, 2025, Defendant responded that Plaintiff's claim of infringement was under investigation. On September 12, 2025, Defendant responded further claiming non-infringement, and Defendant continues selling the Accused Device.

## CLAIM I

### Direct Infringement of The '388 Patent

26. Plaintiff realleges and incorporates by reference Paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. On information and belief, Defendant has been and is now infringing, literally or by equivalents, Claim 1 of the '388 Patent in the State of New York, in this District, and elsewhere in the United States in violation of 35 U.S.C. § 271(a) by, among other things, making, using, selling, or offering for sale refillable perfume atomizer products, including without limitation, at least the MAYIM Refillable Perfume Atomizer product (the "Accused Device"), which includes:

> "a body having an upper portion with a first opening and a bottom portion with a second opening;
>
> wherein the first opening has a vaporizer mechanism for dispensing non-compressible liquid… comprising a tube…, a pump communicating with the tube, and a nozzle communicating with the pump,…;
>
> wherein the second opening has a refill mechanism comprising;
>
> a check valve adapted to receive the stem of the bottle so that when the stem is pushed through the check valve, the check valve is open to and receives the non-compressible liquid…;
>
> and when the stem is withdrawn from the check valve, the check valve is closed to prevent leakage of the non-compressible liquid".

as covered by Claim 1 of the '388 Patent, to the injury of the Plaintiff. Attached Exhibit E, a patent claim chart, details how Defendant's Accused Device practices each and every element of Claim 1 of the '388 Patent. Defendant is thus directly infringing the '388 Patent pursuant to 35 U.S.C. § 271(a).

28. Plaintiff has been damaged and continues to be damaged as a result of the infringing conduct by Defendant as alleged herein. Thus, Defendant is liable to Plaintiff in an

amount that adequately compensates Plaintiff for such infringement, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

29. Plaintiff and/or its predecessors-in-interest have satisfied all statutory obligations required to collect pre-filing damages for the full period allowed by law.

30. Defendant's acts of infringement have caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law. Unless enjoined, Defendant will continue the infringing conduct and continue to cause irreparable injury to Plaintiff.

## CLAIM II

### Indirect Infringement of The '388 Patent

31. Plaintiff realleges and incorporates by reference Paragraphs 1 through 30 of this Complaint as though fully set forth herein.

32. On information and belief, Defendant has also induced others to infringe the '388 Patent in violation of 35 U.S.C. § 271. On information and belief, Defendant has induced infringement by its distributors, retailers, and manufacturers who are selling, using, importing, exporting, providing, supplying, distributing, and/or offering the infringing Refillable Travel Perfume Atomizer product, which directly infringes the '388 Patent, as alleged hereinabove. On information and belief, Defendant has encouraged the infringing conduct of its distributors, retailers, and manufacturers with knowledge and in disregard of the '388 Patent, and with intent that the intellectual property rights of Plaintiff be infringed.

33. As a result of Defendant's infringing activities, Plaintiff has sustained, and continues to sustain, damages in an amount to be proven at trial. Plaintiff is further entitled to collect pre-filing damages for the full period allowed by law.

34. Defendant's acts of inducement to infringement have caused and will continue to cause Plaintiff irreparable harm for which there is no adequate remedy at law. Unless enjoined, Defendant will continue its infringement and cause further irreparable injury to Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

35. For an order and judgment in favor of Plaintiff that Defendant has infringed the '388 Patent in violation of Plaintiff's rights under federal law, common law, and/or New York law.

36. For a judgment and order requiring that Defendant pay to Plaintiff its damages, costs, expenses, and pre-judgment and post-judgment interest for Defendant's infringement of the '388 Patent as provided under 35 U.S.C. § 284, and an accounting of ongoing post-judgment infringement, in amounts to be proven at trial. Plaintiff is informed and believes at this time that such monetary damages meet or exceed the sum of $500,000.

37. For an injunction preliminarily and permanently enjoining Defendant, and its officers, directors, agents, servants, employees, attorneys, subsidiaries, affiliates, and all those acting in concert with or under or through it, from making, selling, offering for sale, using, and/or exporting or importing any devices that infringe the '388 Patent, and otherwise from directly or indirectly committing or inducing or contributing to further acts of infringement of the '388 Patent.

38. For an order and judgment that Defendant be required to immediately deliver to Plaintiff's counsel its entire inventory of infringing products, including without limitation all MAYIM accused infringing products, that is in Defendant's possession, custody, or control.

39. For an order and judgment that Plaintiff recover from Defendant its damages and lost profits in an amount to be proven at trial.

40. For an order and judgment requiring an accounting of Defendant's profits, revenues, funds, and assets that have arisen and arise out of its infringing or unlawful activities.

41. For an order and judgment finding that this case is an exceptional one and that Plaintiff be awarded its fees, costs, expenses, and disbursements incurred in relation to this action, including its reasonable attorneys' fees and investigative expenses.

42. For an order and judgment sustaining each of the causes of actions set forth herein against Defendant.

43. For an order and judgment requiring Defendant to pay such other damages and monetary relief as the Court deems fit under the circumstances, or as may be sought by Plaintiff according to proof at trial; and

44. For any and all other relief as the Court deems just and reasonable.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all issues raised by the complaint.

Respectfully submitted,

Dated: November 28, 2025

/s/Justin D. Kloss
Justin D. Kloss
KLOSS STENGER & GORMLEY, LLP
69 Delaware Ave., Suite 1003
Buffalo, New York 14202
jdkloss@klosslaw.com
Phone: (716) 853-1111

Of Counsel to:

/s/ Otto O. Lee
Otto O. Lee (*pro hac vice forthcoming*)
Kevin Viau (*pro hac vice forthcoming*)
INTELLECTUAL PROPERTY LAW GROUP LLP
1871 The Alameda, Suite 250
San Jose, California 95126
Telephone: (408) 286-8933

                Facsimile: (408) 286-8932
                Email: olee@iplg.com, kviau@iplg.com
                    tm_docket@iplg.com

*Attorneys for Plaintiff*