UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BEAUTY UNION GLOBAL LIMITED,

**Plaintiff**,

-against-

BRUMIS IMPORTS, INC.,

**Defendant**.

25-cv-9929 (JAV) (SDA)

**PROTECTIVE ORDER**

**STEWART D. AARON, United States Magistrate Judge:**

WHEREAS, all the parties to this action (collectively, the "Parties," and individually, a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of certain nonpublic and confidential material that will be exchanged pursuant to and during the course of discovery in this case; and

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, the Parties acknowledge that this Protective Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords only extends to the limited information or items that are entitled, under the applicable legal principles, to confidential treatment; and

WHEREAS, the Parties further acknowledge that this Protective Order does not create entitlement to file confidential information under seal; and

WHEREAS, in light of these acknowledgements, and based on the representations of the Parties that discovery in this case will involve confidential documents or information the public disclosure of which will cause harm to the producing person and/or third party to whom a duty of confidentiality is owed, and to protect against injury caused by dissemination of confidential documents and information, this Court finds good cause for issuance of an appropriately tailored confidentiality order governing the pretrial phase of this action.

IT IS HEREBY ORDERED that any person subject to this Protective Order—including without limitation the parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order—shall adhere to the following terms:

1.      Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Discovery

4931-5050-4880v.2

Material") or designated as "Highly Confidential – Attorneys' Eyes Only" pursuant to the terms of this Protective Order (hereinafter "Highly Confidential Discovery Material") shall not disclose such Confidential Discovery Material or Highly Confidential Discovery Material to anyone else except as expressly permitted hereunder.

2.    The person producing any given Discovery Material may designate as Confidential only such portion of such material that the party seeks to shield from public disclosure. The person producing any given Discovery Material may designate as "Highly Confidential – Attorneys' Eyes Only" only such portion of such material the public disclosure of which either is restricted by law or will cause harm to the business, commercial, financial or personal interests of the producing person and/or a third party to whom a duty of confidentiality is owed. Documents or information that may be designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" may consist of:

(a)    any information copied or extracted from Confidential Discovery Material or Highly Confidential Discovery Material;

(b)    all copies, excerpts, summaries, or compilations of Confidential Discovery Material or Highly Confidential Discovery Material;

(c)    any testimony, conversations, or presentations by Parties or their counsel that might reveal Confidential Discovery Material or Highly Confidential Discovery Material;

(d)    previously nondisclosed financial information (including without limitation profitability reports or estimates, percentage fees, design fees, royalty rates, minimum guarantee payments, sales reports and sale margins);

(e)    previously nondisclosed information relating to ownership or control of any non-public company;

(f)    previously nondisclosed sensitive commercial information relating to any party's business including, but not limited to, tax data; proposed strategic transactions or other business combinations; internal audit practices, procedures and outcomes; trade secrets; marketing plans and strategies; studies or analyses by internal or outside experts; competitive analyses; customer or prospective customer lists and information; product or service pricing or billing agreements or guidelines; and/or confidential project-related information;

(g)    any information of a personal or intimate nature regarding any individual; or

(h)    any other category of information hereinafter given Confidential or Highly Confidential – Attorneys' Eyes Only status by the Court.

3.    With respect to the Confidential or Highly Confidential – Attorneys' Eyes Only portion of any Discovery Material other than deposition transcripts and exhibits, the producing

person or that person's counsel may designate such portion as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by: (a) stamping or otherwise clearly marking as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" the protected portion in a manner that will not interfere with legibility or audibility; and (b) if a party seeks to file any Discovery Material containing Confidential information or Highly Confidential – Attorneys' Eyes Only information with the Court, then within 10 business days after the filing party requests the producing party redact such Confidential information or Highly Confidential – Attorneys' Eyes Only, the producing party will redact the Confidential information or Highly Confidential – Attorneys' Eyes Only information for the filing party to file, unless such information was redacted at the time of production.

4.      With respect to deposition transcripts, a producing person or that person's counsel may designate such portion as Confidential or Highly Confidential – Attorneys' Eyes Only either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential – Attorneys' Eyes Only information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential Information Governed by Protective Order" or "Highly Confidential – Attorneys' Eyes Only Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential – Attorneys' Eyes Only in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel by the reporter. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Highly Confidential – Attorneys' Eyes Only.

5.      If at any time prior to the trial of this action, a producing person realizes that some portion(s) of Discovery Material that she, he or it previously had produced without limitation should be designated as Confidential or Highly Confidential – Attorneys' Eyes Only, she, he or it may so designate by so apprising all prior recipients of the Discovery Material in writing, and thereafter such designated portion(s) of the Discovery Material thereafter will be deemed to be and treated as Confidential or Highly Confidential – Attorneys' Eyes Only under the terms of this Protective Order.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      No person subject to this Protective Order other than the producing person shall disclose any of the Discovery Material or information contained therein designated by the producing person as Confidential to any other person whomsoever, except to:

(a)  the Parties to this action, their insurers, and counsel to their insurers;

(b)  outside firm/counsel retained specifically for this action, including any firm partner or member, associate, counsel attorney, paralegal, clerical and other assistant

employed by such firm/counsel and assigned to this matter;

(c)  outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

(d)  any mediator or arbitrator who the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(e)  as to any document, its author, its addressee and any other person indicated on the face of the document as having received a copy;

(f)  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided that such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(g)  any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as an Exhibit hereto;

(h)  stenographers engaged to transcribe depositions conducted in this action; and

(i)  this Court, including any appellate court, and the court reporters and support personnel for the same.

8.    Where a producing person has designated Discovery Material as Highly Confidential – Attorneys' Eyes Only, other persons subject to this Protective Order may disclose such Discovery Material or information contained therein only to the individuals identified in subparagraphs 7(b), 7(c), 7(d), 7(e), 7(g), 7(h), and 7(i).

9.    Subject to the requirements of Paragraphs 7 and 8, prior to any disclosure of any Confidential Discovery Material or Highly Confidential Discovery Material to any person referred to in subparagraphs 7(a), 7(c), 7(d), 7(f), 7(g), or 7(h) above, such person shall be provided by counsel with a copy of this Protective Order and shall sign a Non-Disclosure Agreement in the form annexed as an Exhibit hereto stating that that person has read this Protective Order and agrees to be bound by its terms. Said counsel shall retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either prior to such person being permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

10.    Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel

4931-5050-4880v.2

for all Parties will address their dispute to this Court in accordance with Section II of Magistrate Judge Aaron's Individual Practices.

11.    A Party may be requested to produce Discovery Material that is subject to contractual or other obligations of confidentiality owed to a third party. Within two business days of receiving the request, the receiving Party subject to such obligation shall inform the third party of the request and that the third party may seek a protective order or other relief from this Court. If neither the third party nor the receiving Party seeks a protective order or other relief from this Court within 21 days of that notice, the receiving Party shall produce the information responsive to the discovery request but may affix the appropriate controlling designation.

12.    Recipients of Confidential Discovery Material or Highly Confidential Discovery Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Discovery Material or Highly Confidential Discovery Material for any business, commercial or competitive purpose. Confidential Discovery Material and Highly Confidential Discovery Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this order. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

13.    Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Discovery Material or Highly Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction; provided, however, that such person receiving a request, will provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

14.    All persons seeking to file redacted documents or documents under seal with the Court in connection with non-dispositive matters shall follow Section II(B)(3) of Magistrate Judge Aaron's Individual Practices. With respect to dispositive matters, the Individual Rules of the presiding District Judge shall be followed; if the parties have consented to the jurisdiction of Magistrate Judge Aaron for all purposes, then with respect to dispositive motions, Section III(E) shall be followed. The Parties shall use their best efforts to minimize such sealing.

15.    All persons are hereby placed on notice that the Court is unlikely to seal or otherwise afford confidential treatment to any Discovery Material introduced in evidence at trial or supporting or refuting any motion for summary judgment, even if such material has previously been sealed or designated as Confidential or Highly Confidential – Attorneys' Eyes Only.

16.     Any Party filing a motion or any other papers with the Court under seal shall also publicly file a redacted copy of the same, via the Court's Electronic Case Filing system, that redacts only the Confidential Discovery Material or Highly Confidential Discovery Material itself, and not text that in no material way reveals the Confidential Discovery Material or Highly Confidential Discovery Material.

17.     Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential – Attorneys' Eyes Only shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

18.     Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the persons who receive such information and are bound by this Protective Order in a manner that is secure and confidential. In the event that the person receiving PII experiences a data breach, she, he or it immediately shall notify the producing person of the same and cooperate with the producing person to address and remedy the breach. Nothing herein shall preclude the producing person from asserting legal claims or constitute a waiver of legal rights or defenses in the event of litigation arising out of the receiving person's failure to appropriately protect PII from unauthorized disclosure.

19.     If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

20.     If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, immediately sequester the Inadvertently Disclosed Information. The receiving party may not use that Inadvertently Disclosed Information, or any work product containing information taken from that Information, for any purpose. Additionally, the receiving party shall within five business days, return or destroy all copies of the Inadvertently Disclosed Information and provide a certification of counsel that all such information has been returned or destroyed.

21.     Within five business days of the certification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

22.     The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

23.     If a receiving party learns that, by inadvertence or otherwise, it has disclosed Confidential Discovery Material or Highly Confidential Discovery Material to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Confidential Discovery Material or Highly Confidential Discovery Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the

terms of this Order, and (d) request such person or persons to execute a Non-Disclosure Agreement in the form attached hereto.

24.    This Protective Order shall survive the termination of the litigation. Within 30 days of the final disposition of this action, all Discovery Material designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only," and all copies thereof, shall be promptly returned to the producing person, or, upon permission of the producing person, destroyed.

25.    All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court. This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

4931-5050-4880v.2

SO STIPULATED AND AGREED:

Dated: June 11, 2026

/s/ Justin D. Kloss
Justin D. Kloss
KLOSS STENGER & GORMLEY, LLP
69 Delaware Ave., Suite 1003
Buffalo, New York 14202
jdkloss@klosslaw.com
Phone: (716)853-1111

Attorney for Plaintiff Beauty Union
Global Limited

/s/ Christopher Lisiewski
Douglas A. Miro
Brian A. Comack
Christopher Lisiewski
AMSTER ROTHSTEIN & EBENSTEIN LLP
405 Lexington Avenue, 48th Floor
New York, New York 10174
T. 212.336.8000
F. 212.336.8001
dmiro@arelaw.com
bcomack@arelaw.com
clisiewski@arelaw.com

Attorneys for Defendant Brumis Imports, Inc.

SO ORDERED:

_____
STEWART D. AARON
United States Magistrate Judge
Dated: June 12, 2026

4931-5050-4880v.2

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

BEAUTY UNION GLOBAL LIMITED,

**Plaintiff**,

-against-

BRUMIS IMPORTS, INC.,

**Defendant**.

**25-cv-9929 (JAV) (SDA)**

**NON-DISCLOSURE AGREEMENT**

I, _____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential or Highly Confidential – Attorneys' Eyes Only. I agree that I will not disclose such Confidential Discovery Material or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will either return all discovery information to the party or attorney from whom I received it, or upon permission of the producing party, destroy such discovery information. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Dated: _____        _____

4931-5050-4880v.2